

**IN THE DISTRICT COURT OF GARFIELD COUNTY**
**STATE OF OKLAHOMA**

SHERRY KEENER,

Plaintiff,

vs.

(1) GARFIELD COUNTY DETENTION CENTER, an Oklahoma Title 60 authority;
(2) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GARFIELD, a Political Subdivision of the State of Oklahoma;
(3) JERRY NILES, individually, and in his official capacity as Sheriff of Garfield County;
(4) TURN KEY HEALTH CLINICS, LLC, an Oklahoma limited liability corporation;
(5) JOHN DOES (1 - 3), unknown individuals who were involved but not yet identified,

Defendants.

Case No. CJ-2018-181-03

FILED
GARFIELD COUNTY, OKLA
JUN 20 2018
JANELLE M. SHARP
COURT CLERK
BY [signature]
DEPUTY COURT CLERK

**PETITION**

COMES NOW the Plaintiff, Sherry Keener, and for her Petition against the Defendants, alleges and states as follows:

1. That the Plaintiff, Sherry Keener, is now, and was at all times material hereto, a resident of Garfield County, State of Oklahoma.

2. That the Defendant, Garfield County Detention Center ("GCDC") is now and was at all times material hereto, an Oklahoma Title 60 authority.

3. That the Defendant, Board of County Commissioners of the County of Garfield, ("BOCC") is a political subdivision of the State of Oklahoma responsible for the GCDC and is property named pursuant to 19 O.S. §4.

4. That Defendant, Jerry Niles ("Defendant, Sheriff Jerry Niles") is a duly elected



Sheriff of Garfield County, Oklahoma, a political subdivision of the State of Oklahoma, and is responsible for the operation of the GCDC. Jerry Niles is sued in both his individual capacity and in his official capacity for acts performed while he was Sheriff. At all times relevant herein, Jerry Niles was acting under the color of law and within the course and scope of his employment with Garfield County, State of Oklahoma.

5. The Defendant, Sheriff Jerry Niles, as Sheriff of Garfield County, is the final policy maker for the Garfield County Sheriff's office. There is no other person who has authority over the Sheriff of Garfield County, acting in his capacity as Sheriff. Jerry Niles is sued as to both his own conduct and conduct of his employees. Because of his position as Sheriff of Garfield County, the acts, customs, policies, practices, failure to train and failure to supervise his employees alleged herein are attributable to the County as well as to the Sheriff in his official capacity.

6. That Defendant John Doe(s) 1 - 3 represent other persons whose identities are not yet known, but caused or contributed to Sherry Keener's medical condition by virtue of their position, acting under the color of law, negligence and intentional conduct.

7. That all of the conduct of the Defendants was within the exercise of State authority within the meaning of 42 U.S.C. §1983.

8. That by and through Defendant Sheriff Jerry Niles, Garfield County deliberately failed to take remedial action in the face of actual and/or constructive knowledge of constitutional violations against Plaintiff.

9. That Turn Key Health Clinics, LLC ("Turn Key") is now, and was at all times material hereto, is a corporation organized under the laws of the State of Oklahoma and provides and manages the day-to-day medical operations in jails.

10. That at all material times herein, Defendant Sheriff Jerry Hiles, as elected Sheriff of Garfield County, was responsible for providing detainees at the GCDC with reasonable medical care.

11. That pursuant to the Governmental Tort Claims Act, the Plaintiff submitted Notice of Tort Claim which was received by the County on October 6, 2017. This case is being filed at this time so as to preserve and protect the Statute of Limitations on behalf of the Plaintiff.

12. That at all material times hereto, Sherry Keener was a resident of Garfield County, State of Oklahoma.

13. That the acts and/or omissions giving rise to the Plaintiff's claims arose in Garfield County, State of Oklahoma.

## II. Factual Background

14. That Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 13 as if set forth below.

15. That on October 13, 2016, Sherry Keener was taken into custody on suspicion of distributing a controlled dangerous substance and placed into the GCDC.

16. That the GCDC and Turn Key were familiar with Ms. Keener's medical condition. The medical staff knew Ms. Keener required medication for diabetes.

17. That on October 13, 2016, when Ms. Keener was taken into custody, she did not receive an initial medical screening and was booked into GCDC without any of her prescribed medications.

18. That the Defendants refused, failed and neglected to provide Ms. Keener with her medications or proper medical attention.

19. That due to Ms. Keener's medical history of diabetes, she should have received

regular checks and regular assessments as to her medical condition.

20. Ms. Keener did not receive checks or regular assessments.

21. That Ms. Keener did not receive her medication as prescribed while incarcerated in the GCDC.

22. That at all material times herein, GCDC was responsible for staffing mental health professionals (including psychiatrists) at GCDC.

23. That because of the Defendants failure to provide adequate medical services, Ms. Keener had to have all five (5) toes on her right foot amputated.

24. That Defendant Sheriff Jerry Niles is responsible for establishing procedures, policies, supervision and training for the orderly, lawful and safe operation of the Garfield County Jail. The duty of Defendant Sheriff Jerry Niles includes ensuring the safety of detainees and the prevention of harm to detainees by law enforcement personnel.

25. That as the Sheriff of Garfield County, Defendant Sheriff Jerry Niles had the duty and responsibility of ensuring that the GCDC operated in a manner that provided and ensured the safety of not only the inmates and detainees, but also the employees of the Garfield County Sheriff's Office and the public at large.

26. That as the Sheriff of Garfield County, Defendant Sheriff Jerry Niles had the duty of creating a culture and atmosphere of respect for the policies and procedures of the GCDC, but also for the rule of law and respect for all human beings.

27. That prior to Ms. Keenee being detained in the Garfield County Jail, Defendant Sheriff Jerry Niles engaged in a pattern and practice of violating policies and procedures and creating a culture in which violation of policies and procedures was tolerated and/or encouraged.

28. That prior to the events in question herein, and as a direct cause thereof, Defendant Sheriff Jerry Niles failed to establish and enforce procedures for the safety of detainees who are placed in the GCDC, including but not limited to:

a. procedures, policies, supervision and training concerning the appropriate manner in which to place a detainee.

b. procedures, policies, supervision and training concerning the appropriate manner in which to give a detainee or prisoner the proper amount of breaks; and

c. procedures, policies, supervision and training of how to administer medication to detainees such as Plaintiff, based on the needs of the detainee and recommendations by his or her physicians.

## III. First Cause of Action-Negligence

29. That Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 28 as if set forth below.

30. That Defendants were negligent in failing to provide Ms. Keener with appropriate and adequate medical care.

31. That although Ms. Keener reported a history of diabetes and had informed Defendants of medications she had been taking prior to her arrest, she never received them.

32. That all Defendants, by and through their agents and employees, failed to administer medication prescribed to Ms. Keener.

33. That all Defendants failed to perform regular checks on Ms. Keener.

34. That all Defendants performed no checks on Plaintiff, nor performed a physical examination of any kind on her.

## IV. Violation of Civil Rights-42 U.S.C. 1983

35. Plaintiff adopts and re-alleges all material allegations in paragraphs 1 through 34 as if set forth below.

36. That Defendants deprived Ms. Keener of rights and privileges afforded to her under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983.

37. That Defendants have an affirmative duty to protect inmates from present and continuing harm and to ensure they receive adequate food, clothing, shelter, and medical care.

38. That at all material times herein, Defendant Sheriff Jerry Niles and Garfield County (BOCC) had an obligation to the citizens of Garfield County, to maintain a jail that provided inmates with access to medical care.

39. That at all material times herein, Defendant Sheriff Jerry Niles and Turn Key had an obligation to the citizens of Garfield County to ensure that inmates detained at GCDC were provided reasonable medical care.

40. That at all material times herein Defendant Sheriff Jerry Niles and Turn Key had an obligation to the citizens of Garfield County to ensure that the serious medical needs of inmates detained at GCDC were timely and adequately addressed.

41. That Defendants' failure to adequately attend to Ms. Keeners serious medical condition resulted in her experiencing unnecessary pain.

42. That Defendants' failure to adequately attend to Ms. Keener's serious medical condition caused or contributed to the amputation of the toes on her foot.

43. That Defendants' failure to adequately attend to Ms. Keeners serious medical

condition was in violation of the Eighth Amendment.

44. That Defendants' conduct evidenced a deliberate indifference to the serious medical needs and safety of Ms. Keeners.

45. That GCDC and Turn Key violated its own policies and procedures by failing to conduct repeat checks on Ms. Keener after she was admitted to GCDC.

46. The GCDC and Turn Key failed to provide Ms. Keener with medication after she was admitted to GCDC.

47. That GCDC's and Turn Key's failure to provide Ms. Keener with prescribed diabetes medication evinced a deliberate indifference to her serious medical needs.

48. That GCDC and Turn Key knew, or should have known, that failure to administer medication to Plaintiff could result in her suffering permanent injury or harm.

49. That GCDC's and Turn Key's failure to provide Plaintiff, Ms. Keener, with necessary diabetes medication caused or contributed to the amputation of her toes.

50. That at all material times herein, Defendant Sheriff Jerry Niles had an obligation to ensure that all detainees at GCDC received reasonable medical care.

51. That in failing to take any action to protect Ms. Keener, each of the Defendants acted with deliberate indifference to the safety and Constitutional rights of Plaintiff.

52. That at all material times herein, Defendant Sheriff Jerry Niles and Turn Key had an obligation to ensure that all detainees at GCDC received reasonable mental health care.

53. That Ms. Keener did not receive reasonable mental health care.

54. That Ms. Keener did not receive reasonable medical care.

55. That Defendant Sheriff Jerry Niles hired Turn Key for purposes of providing medical

care to inmates and persons detained at GCDC.

56. That the above acts or omissions by Defendants are sufficiently harmful to evidence a deliberate indifference to Ms. Keener's serious medical needs.

57. That the above acts or omissions by Defendants resulted in Ms. Keener suffering an unnecessary and wanton infliction of pain thereby constituting cruel and unusual punishment forbidden by the Eighth Amendment.

58. That the above acts or omissions deprived Ms. Keener of the minimal civilized measure of life's necessities.

59. All of the foregoing was done with reckless disregard of Ms. Keener's constitutional rights.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment against Defendants for actual and compensatory damages in excess of $75,000.00, award punitive damages, attorney fees, costs, and any and all other relief the Court deems just and equitable.

Respectfully submitted,

Michael D. Roberts, OBA #13764
Roberts Law Office
205 West Maple, Suite 806
Enid, Oklahoma 73701
Attorney for Plaintiff

and

Stephen P. Cameron, OBA #20466
Mitchell & DeClerck
202 West Broadway
Enid, Oklahoma 73701
Attorney for Plaintiff

C:\myfiles\mrpleadings\keenersherrypetition.061918.wpd